JUDGMENT

PER CURIAM.
This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is
ORDERED AND ADJUDGED that the district court’s order denying appellant’s motion for reconsideration or to reopen the case be affirmed. The district court properly denied reconsideration of its October 18, 2005, order denying appellant’s motion for leave to file an appeal. Appellant’s motion for reconsideration offered no basis for questioning the district court’s holding that he had not met the requirements for extending or reopening the time to file an appeal. See Fed. R.App. P. 4(a)(5), 4(a)(6). Moreover, the rule of English-Speaking Union v. Johnson, 353 F.3d 1013, 1020-23 (D.C.Cir.2004), has been limited to “dismissals of bankruptcy appeals for nonjurisdictional procedural violations,” and did not require the district court to set forth its reasons for denying the motion for reconsideration. See Fox v. American Airlines, 389 F.3d 1291, 1295 (D.C.Cir.2004).
To the extent appellant sought relief from the judgment pursuant to Fed. R.Civ.P. 60(b), appellant presents no arguments on appeal that would justify a conclusion that the district court abused its discretion in denying the motion. See Browder v. Director, Illinois Dep’t of Corrections, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (denial of Rule 60(b) post-judgment motion overturned only if the district court abused its discretion).
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.